| | |
|---|---|
| ALEJANDRO RENDON, ROLANDO MARQUEDA, and JULIO SOSA LEON, </br></br>Plaintiffs, </br></br>v. </br></br>GYPSON FERNANDEZ, WHITE HOUSE PACKING COMPANY, INCORPORATED, FLORENCE MEAT PACKING CO., INC., and FERNANDEZ PACKING CO., INC., </br></br>Defendants. | ) ) ) ) ) ) ) **ORDER** ) ) ) ) ) ) ) ) ) |

This matter is before the Court on Plaintiffs' Motion to Compel [DE-27]. The motion is currently ripe for review, and, accordingly, Chief Judge Dever has referred it to the undersigned magistrate judge for disposition.

## STATEMENT OF THE CASE

Plaintiff Alejandro Rendon ("Rendon") filed the original Complaint [DE-1] in this action against Gypson Fernandez, White House Packing Company, Incorporated ("White House"), Florence Meat Packing Co., Inc. ("Florence"), and Fernandez Packing Company, Inc. ("Fernandez") (collectively "Defendants") on August 12, 2010, alleging violations of the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA") regarding unpaid wages and overtime premiums. Defendants filed an Answer [DE-12] on September 27, 2010. Plaintiff Rendon, along with Rolando Marqueda ("Marqueda") and Julio Sosa Leon ("Leon") (collectively "Plaintiffs") filed an Amended Complaint [DE-14] on September 28, 2010, to which

Defendants also filed an Answer [DE-17] on November 2, 2010. On May 11, 2011, Plaintiffs filed the instant Motion to Compel [DE-27]. Defendants did not respond and the time for responding has elapsed.

## DISCUSSION

Each of the three Plaintiffs served a First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions (hereinafter "Discovery Requests") on Defendants White House, Florence, and Fernandez[1] on January 12, 2011. Mot. to Compel at 2 [DE-27]. Therefore, there were nine Discovery Requests served in total: three by each Plaintiff, served on each of three Defendants. Each of the nine Discovery Requests contained a near-identical version of Interrogatory No. 16, which stated as follows:

> List the names, last known addresses and last known telephone numbers of all employees employed by [individual Defendant] at the time [individual Plaintiff] was employed there.

Mem. in Supp. Ex. 2-A at 9, 29, 44, 69, 87 [DE-28-3]; Mem. in Supp. Ex. 2-B at 31, 47, 66, 81 [DE-28-4]. Each of the Discovery Requests also contained a near-identical version of Request for Production No. 10, which stated as follows:

> All documents that reflect the gross and net wages earned by [individual Plaintiff] during his employment with [individual Defendant] from 2004 through 2010, including the original(s) of all payroll records not already produced that are or have been maintained by [individual Defendant] regarding [individual Plaintiff], which show any of the information described in 29 C.F.R. § 516.2(a) with respect to any work that [individual Plaintiff] performed for [individual Defendant] at any time in the time relevant to this lawsuit.

Mem. in Supp. Ex. 2-A at 14-15, 33, 47, 73, 90; Mem. in Supp. Ex. 2-B at 34, 51, 69, 84.

On March 22, 2011, Defendants White House, Florence, and Fernandez served Plaintiffs with their responses to all nine Discovery Requests. Mot. to Compel at 2. For the most part,

---

[1] The fourth named Defendant, Gypson Fernandez, is an individual who acted as the manager/member/owner/organizer of the three corporate Defendants in this action (White House, Florence, and Fernandez). Am. Compl. ¶ 11 [DE-14].

2

Defendants objected to Interrogatory No. 16 on the grounds that it was overly broad, unduly burdensome, and sought information not reasonably calculated to lead to the discovery of admissible evidence. Mem. in Supp. Ex. 2-A at 9, 29, 44, 69, 87; Mem. in Supp. Ex. 2-B at 47, 66, 81. The only differing response was that of Defendant Fernandez to the Discovery Requests of Plaintiff Leon, in which it responded that Plaintiff Leon was never employed by Defendant Fernandez. Mem. in Supp. Ex. 2-B at 31. In response to Request for Production No. 10, Defendants White House and Florence directed Plaintiffs to the "Rule 26(f) Production already provided to Plaintiffs, as well as time cards already provided to counsel for Plaintiffs and the documents attached hereto." Mem. in Supp. Ex. 2-A at 14-15, 31, 73-74, 88; Mem. in Supp. Ex. 2-B at 52, 67. Defendant Fernandez responded that it did not possess any records responsive to the requests regarding Plaintiffs Rendon and Marqueda, because the company was sold in 2008, and regarding Plaintiff Leon, once again responded that Plaintiff Leon was never employed by that entity. Mem. in Supp. Ex. 2-A at 45; Mem. in Supp. Ex. 2-B at 34, 82.

On March 28, 2011, counsel for Plaintiffs at the time, Benton Louis Toups, initiated an email exchange with counsel for Defendants at the time, Melody Jewell Jolly, regarding Defendants' objections to Interrogatory No. 16 and limited responses to Request for Production No. 10. Mem. in Supp. Ex. 3 at 1 [DE-28-5]. Ms. Jolly responded to this email on April 7, 2011 and indicated that while she was having some difficulty getting in touch with her clients, she agreed with Mr. Toups regarding the need to know the identities of Plaintiffs' co-workers and would request that information from her clients, as well as that, to the best of her knowledge, "all relevant documentation in the possession, custody and control of [her] client[s] ha[d] [already] been provided" in response to Plaintiffs' requests for production. Mem. in Supp. Ex. 4 at 1 [DE-28-6]. On May 3, 2011, having still not received additional information from Defendants, Mr. Toups once

3

again emailed Ms. Jolly. Mem. in Supp. Ex. 5 at 1-2 [DE-28-7]. In response, on May 4, 2011, Ms. Jolly indicated that she had still heard nothing further from her clients and that she understood Plaintiffs' need to file a motion to compel. In addition, Ms. Jolly indicated that she anticipated having to file a motion to withdraw as Defendants' counsel.[2] *Id.* at 1.

Thereafter, Plaintiffs filed the instant motion to compel, which requests that the Court order Defendants to fully respond to Interrogatory No. 16 and Request for Production No. 10. Mot. to Compel at 3. Plaintiffs allege that Defendants' responses were insufficient and that "[t]he information and documentation requested by Plaintiffs is relevant and material to Plaintiffs' claims for unpaid wages and unpaid overtime premiums, and Plaintiffs will face an undue hardship in this case if the requested information is not produced by Defendants." *Id.* at 2. Plaintiffs also request that the Court order Defendants to pay the expenses incurred in connection with the instant motion. *Id.* at 3. The Court has considered the parties' positions as to the two disputed discovery requests and hereby rules as follows.

### 1. Plaintiffs' Interrogatory No. 16

Interrogatory No. 16 requests the names and contact information for Plaintiffs' co-workers at the time of the alleged violations. Mr. Toups indicated to Ms. Jolly that Plaintiffs desire this information because Defendants' discovery responses, as a whole, implied that they "intend to dispute [Plaintiffs'] accounts of their hours worked and accuse [Plaintiffs] of failing to properly punch out and/or of falsifying time cards," and that, "[b]esides [Plaintiffs] and [Defendants], the only individuals who have relevant testimony regarding these credibility issues will be [Plaintiffs]

---

[2] Ms. Jolly did in fact file a Motion to Withdraw [DE-26] on May 10, 2011. That motion was granted in part and denied in part by the undersigned [DE-31] on May 24, 2011, but a second Motion to Withdraw [DE-33] filed by Ms. Jolly on July 5, 2011 was granted in its entirety [DE-35] on July 6, 2011. She was replaced as Defendants' counsel by E. Holt Moore, III, who entered a Notice of Appearance [DE-37] on August 15, 2011. The Court also notes that, ultimately, Mr. Toups also filed a Motion to Withdraw [DE-41] as counsel for Plaintiffs on September 19, 2011, which was granted by the undersigned [DE-44] on September 22, 2011. As of the date of this order, Plaintiffs are currently proceeding *pro se*.

former co-workers." Mem. in Supp. Ex. 3 at 1. The only objections that have been raised by Defendants are that Interrogatory No. 16 is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to discovery of admissible evidence.

The Court agrees with Plaintiffs' contention that the testimony of other individuals that might have been present during the alleged violations might well be relevant, and thus finds that Interrogatory No. 16 is reasonably calculated to lead to the discovery of admissible evidence. Similarly, because Plaintiffs cannot necessarily determine exactly which of their former co-workers might have relevant information, the Court finds that the request is not overly broad. Finally, though Plaintiffs were employed by Defendants at various times from 2004 to 2010, Defendants have not indicated that there are so many employees subsumed under this time frame so as make production of simple biographical information an unreasonably burdensome task. Furthermore, the Court notes that Plaintiffs have only requested the names, addresses, and phone numbers of their co-workers, as opposed to information which traditionally implicates privacy concerns, such as social security numbers, and Defendants have not objected to producing the requested information on confidentiality grounds.

Accordingly, Plaintiffs' motion to compel as to Interrogatory No. 16 is granted. Defendants White House, Florence, and Fernandez are directed to produce the names, last known addresses, and last known telephone numbers of all employees employed by any one of them during the time period that one or more of the three Plaintiffs was employed there within fourteen (14) days of the date of this order.

### 2. Plaintiffs' Request for Production No. 10

Request for Production No. 10 seeks Plaintiffs' payroll records and/or any other documents which might exist that show what amounts Plaintiffs were paid by Defendants. Defendants did not

5

object to this request. Instead, Defendant Fernandez indicated that it did not exist as an entity at the times Plaintiffs Rendon and Marqueda were so employed and that Plaintiff Leon never worked for that particular entity, while Defendants White House and Florence appear to have indicated that they have already provided Plaintiffs with all relevant documentation via Rule 26(f) production, previously produced time cards, and documents attached to their responses.

This action involves claims by Plaintiffs under the FLSA and the NCWHA for unpaid wages and overtime premiums. Plaintiffs argue, and the Court agrees, that any type of records kept by any of Defendants which show what amounts Plaintiffs were or were not paid would clearly be relevant to the allegations that form the basis of this lawsuit. Though the Court is not privy to Defendants' Rule 26(f) production or the previously supplied time cards, it does appear that Defendants collectively have produced at least *some* responsive documentation with regard to this request. For example, W-2 forms for work performed by Plaintiffs Leon and Rendon at Defendant Florence were attached to Defendants' responses to Plaintiffs' Discovery Requests. *See* Mem. in Supp. Ex. 2-A at 54; Mem. in Supp. Ex. 2-B at 17. However, this indicates to the Court that there is at least some chance that additional documentation reflecting Plaintiffs' wages might exist, and therefore, the Court finds it appropriate to require Defendants to respond further to this request.

Accordingly, to the extent that any additional documents are in the possession of Defendants White House, Florence, *or* Fernandez which reflect the gross and net wages earned by *any* of the three Plaintiffs, or which are otherwise responsive to Request for Production No. 10, irrespective of which entity formally employed them at any given time, Defendants White House, Florence, and Fernandez are directed to produce such documents within fourteen (14) days of the date of this order.

Finally, the Court addresses Plaintiffs' request that the Court order Defendants to pay expenses incurred in conjunction with this motion. The Court finds that there was a clear breakdown of communication between Defendants and their former counsel during the time period when Plaintiffs filed the instant motion to compel, as evidenced by the email exchange between Mr. Toups and Ms. Jolly, which appears to have ultimately resulted in the withdrawal of Defendants' counsel from this action. Though the Court rules in Plaintiffs' favor, it does not find that circumstances exist to justify awarding expenses and declines to penalize Defendants at this time.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel [DE-27] as to Interrogatory No. 16 and Request for Production No. 10 is **GRANTED**. Defendants White House, Florence, and Fernandez are **DIRECTED** to produce the names, last known addresses, and last known telephone numbers of all employees employed by any one of them during the time period that one or more of the three Plaintiffs was employed there within fourteen (14) days of the date of this order. In addition, to the extent that any additional documents are in the possession of Defendants White House, Florence, *or* Fernandez which reflect the gross and net wages earned by *any* of the three Plaintiffs, or which are otherwise responsive to Request for Production No. 10, irrespective of which entity formally employed them at any given time, Defendants White House, Florence, and Fernandez are directed to produce such documents within fourteen (14) days of the date of this order.

This the 17th day of October, 2011.

DAVID W. DANIEL
United States Magistrate Judge